# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

October 7, 2019

BY ECF
Honorable Katharine Parker
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:         Ruiz de los Santos et al v. Abitino's Pizza 49th Street Corp. et al
**Case No. 18-cv-10172-KHP**

Dear Judge Parker:

This office represents plaintiff Sergio Ruiz de los Santos ("Plaintiff") in the above-referenced matter. Plaintiff writes setting forth our views on why the agreed upon settlement in this matter is fair and thus warrants court approval.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, *Inc.,* 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after the parties file the Stipulation of Dismissal With Prejudice accompanying the proposed Agreement. The parties are also aware of the Court's decision in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012), and the Plaintiff's position is that while the settlement amount is less than what the Plaintiff would be entitled to if he prevailed at trial, the settlement is fair, as discussed herein.

Page 2

1. **Background**

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL")

Specifically de los Santos contends that he was employed as a cook by Defendants at their pizzeria, known as Abitino's Pizzeria.  De los Santos alleged Defendants forced him to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.  Plaintiff also alleges Defendants violated the spread of hours, wage statement, and notice and recordkeeping provisions of the NYLL.

Defendants categorically deny the allegations in the Complaint.  Defendants produced records that, if accurate and credited, would have tended to prove that De los Santos was paid in compliance with the overtime laws since approximately June 8, 2015.  De los Santos strongly disputed the accuracy of those records, claiming that there were disparities between the clock records and his own notes of his time worked.

2. **Settlement Terms**

Under the settlement, Defendants will pay a total of $25,000 through three payments.  Of the settlement amount, $16,257.50 will go to the Plaintiff, and $8,742.50 to the Plaintiff's attorneys, in accordance with Plaintiff's retainer agreement with his attorneys.

Plaintiff's attorneys calculated based on the allegations and testimony that de los Santos was entitled to $15,530.16 in unpaid overtime wages, and a total of approximately $57,750 in damages.  If Defendants records were credited, de los Santos likely would have had no recovery under the FLSA, and would have had a maximum recovery under NYLL claims of approximately $11,000 in wages.  Under the settlement, after attorneys' fees are deducted, Zapoteco will recover

Page 3

$1,000 more than his owed overtime wages under the best-case scenario for recovery, and nearly one-third of his total potential damages, including liquidated damages and prejudgment interest.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiff.  Plaintiff has been represented by experienced counsel throughout this lawsuit and made an informed decision to settle the action.  The Plaintiff will received more than the overtime wages he could have recovered at trial, and approximately one-third of the best-case scenario total recovery. Moreover, there were significant concerns over the strength of Plaintiff's claims, as well as the collectability of any judgment Plaintiff may have obtained, as discussed further below.  The Agreement also was reached with the assistance of Your Honor at a settlement conference.

Defense counsel has indicated Defendants are suffering from financial hardship, including a class action settlement in another matter. As such, Plaintiff concluded there is a credible concern that a post-trial judgment would have been difficult to collect. "Courts have often found that concerns over collectability arising from a defendant's financial difficulties militate in favor of finding a wage-and-hour settlement to be fair and reasonable." *Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144 at *1 n.2 (S.D.N.Y. Nov. 6, 2015).

### 3. <u>Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>

Under the terms of Plaintiff's retainer agreement with counsel, Plaintiff's counsel will receive $8,742.50 from the settlement fund as attorneys' fees and costs. $614.00 of this represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees. The remaining portion represents the attorneys' fees incurred by Plaintiff's counsel in litigating and settling this matter.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Plaintiffs' attorneys' billing records are annexed as Exhibit B. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

> i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

> ii.      Joshua Androphy's regular billing rate, which is used to calculate the lodestar amount, is $400 per hour. This is his regular billing rate for matters which he bills by the hour, and is a fair rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the

Columbia Journal of Law and Social Problems.  Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years.  At his departure from Olshan Frome Wolosky his regular billing rate was $450 per hour.  Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.  He was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.

      iii.     Work performed by paralegals in indicated by the initials "PL" and billed at the rate of $100 per hour.

In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented by the particular facts in this case and in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal With Prejudice will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Joshua S. Androphy

Joshua S. Androphy

Page 6


cc:    Anthony Mango, Esq.
       Counsel for Defendants